May it please the court, my name is Emanuel Rios and I'm the attorney for the petitioner Mr. Gonzales-Carrillo. It's a petition for review from the Board of Immigration Appeals decision, a streamlined decision, where Mr. Gonzales-Carrillo has brought to this court two issues, whether or not the immigration judge properly found him to be removable as having committed a crime involving moral turpitude, CIMT, for his Oregon manslaughter to conviction, which has the requisite mens rea of recklessness. The second issue is whether or not the immigration judge used a proper standard and or considered an illegitimate or improper factor in the exercise of discretion. Now the government has not made any kind of substantive attacks on these arguments. Instead what the government has done is proposed a jurisdictional opposition. So it seems to me that the jurisdiction would be dispositive in this case. If the court were to say that they have jurisdiction because of the non-opposition by the government on the merits, in this case a petition should be granted in the case of remand to the Board of Immigration Appeals. The respondent concedes as much in his brief at 11. The court does have jurisdiction in this case on a myriad of matters. The first one is- Could you discuss jurisdiction for each one of the claims separately, please? I'll try to, Your Honor. Or the due process claims separately from the moral turpitude issue. Certainly, Your Honor, I will. So the first part I'll talk about is the sufficiency of raising these at the agency. As far as the specificity requirement at the BIA, it's simply according to Rojas Garcia and Sada, the Ashcroft, that the petitioner simply needs to state with specific clarity the issue and have a legal argument. A general immigration judge abuses discretion and error as a matter of law won't carry the day in these kinds of cases. And, in fact, the record here shows that the respondent did carry the burden, in fact, in regard to his issue of removability, that is the CIMT, Your Honor, AR-15. There are approximately nine lines of identification of the issue with specific clarity, saying that the respondent argues that he is not removable as charged and sets forth the state of the law that there must be a willful commission of a base or a vial act. We're seeing here moral turpitude. And the issue is whether or not reckless is willful. Not there. What's the due process argument in the – what's your due process argument regarding the way the determination was made, discretionary determination was made? Your Honor, there are two parts to this, actually. The one is the use of the wrong or improper legal standard, and that's set forth at AR-17 to 18. The immigration judge has stated that this is a very serious crime, and, therefore, the test under Buscemi or Edwards needs to be used. And that test is a more stringent test than the general matter of Marin test. The Buscemi and Edwards test basically sets forth an extra burden on the petitioner or the applicant for the relief to show unusual or outstanding equities. And so, obviously, it's a more stringent test than a totality of circumstances test that we have in Marin. Let's assume that we don't buy your argument that there was a due process violation. Could you proceed to the other argument regarding whether or not there was a crime involving moral turpitude? Most definitely, Your Honor. I believe that there are quite a few other ways to get to this in any event. Besides being specifically raised at the BIA, it's a pure issue of law. There's been intervening precedent in a panel decision in Fernandez-Ruiz during the pendency of the appeal that has actually substantiated the exact argument the petitioner took for this court in his opening brief, in that you definitely need in this circuit to have a willful act. That is an intentional act, and recklessness is not purposeful conduct, as the Supreme Court has found in Leocal. This, of course, follows in Lord Casares and in the Fernandez-Ruiz en banc and the panel decision. Counsel, do you contend that this issue was adequately raised before the BIA? I do contend that, Your Honor, because I think it is not an overwhelming standard because of the regulations. The regulations allow for the respondent in the immigration proceedings, but the applicant or the person appealing, to either file Form E-26, which is a notice of appeal, and or file a brief. In this notice of appeal, and I believe that the notice of appeal is in the administrative record. I think it's approximately 5255, something like that. There are three and a half inches of space for someone to write that, to write the reasons for the appeal. An appellant can actually simply just rely on that alone. So to assume that somehow or other that there will be a verbose response, it's not contemplated specifically by the regulations. What does it mean to preserve this claim, in your view? Well, in the E-26, I will submit that there is nothing, Your Honor. However, the E-26, if there is no brief, can stand alone. However, the briefing is something that's optional, and it can be used to supplement the E-26. Yes, and the court has found this. In fact, it was Judge Gould who authored the opinion in Rosas-Garcia. What was in the brief that raised this claim to the BIA? The CIMT claim, Your Honor? Yes. Well, there's a paragraph of about nine lines at AR-15 that states, basically, that the Ninth Circuit was grappling with this issue in Bayoudin, the Ashcroft, and they asked for supplemental briefing on it. It also stated the fact that the crime that the respondent was convicted of, and the issue involved a mental state of recklessness, and that generally the Ninth Circuit case law involves a willful commission of a base or vile offense. So certainly, it was raised with enough specificity. This is not a case where the respondent or, excuse me, the petitioner just says, hey, the immigration judge abused his discretion and said nothing more or erred as a matter of law. This apprised the BIA of the issue with sufficient clarity. The cases that are out there, basically, show that those are the kinds of general claims, or say, for example, there was one claim, and I believe that it was Zara, where she alleged before the board that the reason there was a factual error and simply that, and then before this court alleged factual error, past persecution, and some other kind of legal argument. So, I mean, they were clearly not raised at all in those other decisions. Counsel, do you want to save some time for rebuttal? Yes, thank you, Your Honor. It's up to you, really. Okay, we thank Mr. Rios. Now, Mr. Potter. Good morning. May it please the Court. Jonathan Potter on behalf of the Attorney General. This Court does not have jurisdiction to address Petitioner's claim involving a crime involving moral turpitude in this case, because, first of all, the Petitioner admitted that crime before the IJ. That's not quite a correct, accurate representation of what took place at the I – before the IJ. Well, Your Honor, he – at first, I will agree with you. At first, he did – he did come out. And our case law – and our case law seems to make it pretty clear that it really doesn't make any difference if the – if the Petitioner did not raise directly, precisely the issue, because if – as long as they give the agency an opportunity to address the issue, under our case law, that seems to be sufficient. That's correct, Your Honor. So when you get to the BIA, he does raise it in his brief to the BIA. He – he prefrontally states that his crime is not a crime involving moral turpitude, but makes no further argument involving that at all. He just says my crime is not a crime involving moral turpitude. Our – our cases, if you – you know, I've looked at all our cases in this area, and they just don't seem to require a whole lot. All they basically require is to give the agency a chance to address the issue. That's correct, Your Honor. And that – That's it. And that's why we – we are aware that there – there isn't much needed. Our position is this is not enough. And if put in the procedural context of this case, which is important, which he does admit finally before the IJ, that I'm conceding this issue. This is a crime involving moral turpitude. What he conceded was that he had been convicted of a – of manslaughter. What was it? Second-degree manslaughter? Is that what it was? Well, Your Honor, if you look at the record on page 100, 156. Hold on. Hold on. Hold on. Hold on. One hundred, you said? Hold on. Let me see if I – I'm not sure I have. Just a second. What's – what's page do you want me to look at? I'm not sure that I have it all. 156 also is probably a page. Okay. What language on page 100 specifically concedes that this is a crime involving moral turpitude? Well, this is where he's disgusting. I haven't been here – I've been here more than five years. And his counsels argue, I've been here more than five years. This crime was committed after my five years in the United States. The immigration judge says no. It was – he was convicted after five years, but it was committed before five years' presence. But there's no point – I agree. Well, let me continue with this, Your Honor. Well, let me just say – This is the entire record. Counsel, please don't try to over-talk us. I'm sorry. Let me just say, this is not a pointed question regarding, do you admit that you committed a crime of moral turpitude? There's a long question. But there's never a pointed question regarding that and an answer conceding it. That's correct, Your Honor. But then if you go to page 156 and page 480 of the record. Got it. Okay. 156, he's asked if he agrees with everything that is on 480. And if you go to 480, that's the notice to appear. The practice in immigration cases is for the immigration judge to put down what is admitted by putting an A next to it on the left side. If you go to page 480, all the charges are admitted there. Everything. All he's charged with is having – he committed this crime. There's no – he admits that he committed the crime. And he also – It's a different – it's an entirely different matter from them to concede that he was convicted of a crime involving moral turpitude. Your Honor, if you go to page 480 of the record, and it is paragraph 7, if you go for the offense of sentence of one more year or longer on the basis of the foregoing, it is charged that you have committed a crime involving moral turpitude. That's an A next to it. The immigration judge says at page 156, do you agree with everything on that piece of paper? His counsel says, I do. Counsel, do you have a case that says admission of deportability precludes the petitioner from raising the issue of whether or not it meets the definition of crime involving moral turpitude? No, Your Honor. Your Honor, actually, if you look at the case law, it is clear that a petitioner can raise to the board a claim that – a new claim. And the board has the ability to either address that issue or to say, you didn't raise this, this is admitted, so therefore we're going to stick with what the immigration judge found. So can you raise an issue later? Yes. The board has it within their power to address that issue or to say that you have, in fact, essentially waived that issue. It's a very tenuous finding. I just – I'm not – I can't – I don't know if I can agree that this was sufficiently considered, that the issue was even considered by the immigration judge. He just said, you know, you concede that you're deportable, and so now you're saying that precludes someone from challenging whether or not the crime involved more turpitude and there's never been a thorough airing of that? Your Honor, I think the problem in this case, and we concede as much in our brief, isn't what happened before the immigration judge. It is more that the board has never addressed this issue in this case. And that's why we say if this court does not find that – if this court finds that this issue was properly raised in the two sentences on page 15 of the record, then yes, this case does need to be remanded. And in that case, this court should remand it on the basis of the first issue raised, the crime involving moral turpitude, and remand it to the board and let the board address whether the organ statute falls within a crime involving moral turpitude. And then would the board be – would the board in doing that be bound to follow Fernandez-Ruiz? Your Honor, it would be bound to follow all applicable precedent, yes. Okay. So if we thought there was a particular result compelled by any precedent, would it still be required to remand? Your Honor, I think this court would be required to remand in this case because this – the court needs to – the board, excuse me, needs to look at the facts of this case. It needs to look at the statute and determine, for example, the gross negligence, what the – some of the things that are in this statute actually are. This case only – this statute only talks about reckless. Reckless. Where does gross negligence come from? How it defines recklessness, Your Honor. It defines recklessness as grossly negligent. And what does that mean? Frankly, I cannot answer for the board. That's not our position at the Department of Justice to address what level that rises to. That's why we didn't – intentionally did not brief the underlying issue in this case because we're on – Does the remand issue, is that within the scope of Ventura? That remand issue would be in the scope of Ventura. Remand the case back to the board. Let the board address this issue. If this court finds it has jurisdiction to address the issue because of what Petitioner put in his brief before the board, we can remand it back and let the board address the statute and look at the statute. So what you're saying is so if we decide that we've properly raised the issue and the board didn't address the issue, we nonetheless have to send it back. Yes, Your Honor. Even if it's a legal question. Well, it's not purely legal. Anytime you've got statutory interpretation where there's an executive function overseeing a legislative area, it's proper for the board to have the first bite at this, put in their expertise and address the issue first. And then this court, in those cases, reviews that decision. Counsel, if this matter were remanded to the BIA, would the government take the position there that this issue was not sufficiently raised to the BIA? Your Honor, I cannot address what the government would take position. I will not be representing the government at the board. However, I can assure you if I have any input into it, and this court does find that this was properly raised before the board, then, of course, we would advise the agency that the court has spoken, the issue has been properly raised, address the issue. So will we make the same argument before the board again? No, Your Honor. We would find, in my view, though I cannot speak for DHS, they would probably find this to be the decision. If we said it was adequately raised, that would be the law of the case, correct? Exactly, Your Honor. BIA. That would be my view of it. BIA would have to address the issue on the merits if we felt that Ventura required a remand. That would be my view of it, and I would hope that would be the agency's view as well. As to the second issue raised, I think the court's precedent makes it clear this is just a due process claim, a discretionary claim closed as a due process claim. This court doesn't have jurisdiction over that issue. Once again, if this case finds that this issue was properly raised, the government asks that you remand this case back to the Board of Immigration Appeals, give them the opportunity to address this Oregon statute and their precedent and this court's precedent, and determine whether this is a claim involving moral certificate. Thank you very much. Okay, well, thank you very much, Mr. Potter, for your argument. Now, Mr. Rios, you get to have the last word today. Thank you, Your Honor. First, I'd like to clear up what I believe is a fundamental misunderstanding of how the immigration proceedings work. If you look at the NTA, which is the charging document that's set forth at the administrative record at 480, the NTA is divided up into two parts. The first part are factual allegations, and that's what the respondent conceded to. So all of the A's are actually by factual allegations and separated by a little conclusory statement. So the actual charge of removability is the conclusion of law that does not have an A to the left of it. So if you look at all the factual allegations numbered 1 to 7, they have an A immediately to the left. And then it's in bold is the charge of removability. So there's two different things. There's factual allegations, so you can say, yes, I was convicted of such and such crime. However, you can still contest removability and say that crime does not constitute a CIMT. So, therefore, there was no concession here. In fact, the court said at 159, or excuse me, 156, that it had determined removability. Now, there's no reason for the court to determine removability if the respondent has conceded, or excuse me, Mr. Gonzales Carrillo has conceded removability. Actually, it's at the bottom of page 155. The judge says, I have that. Actually, I have determined the deportability. And then what the government has mistaken for a concession of removability is simply a non-objection to the admittance of the NTA as an exhibit. This is not a concession of removability. Why shouldn't we, if we agree with your position that it was properly raised before the board and he didn't concede it, why shouldn't we remand it? Well, Your Honor, unfortunately, I believe that the court has to remand it under Ventura. If this were, say, for example, an aggravated felony that would interpret 18 U.S.C. 16, which is really outside the area of the board's expertise, well, then the court can determine that. And that's what they did in Fernandez-Ruiz, the en banc decision. However, because the phrase CIMT and its own definition is particular to the expertise of the board and the board's case, I think that the board under Ventura would need to get the first shot at that. It sounds as if we have a substantial level of agreement between Mr. Potter and you, Mr. Rios. That is, he agrees that if we find jurisdiction, then there has to be a remand. And you agree that if we find jurisdiction, there has to be a remand. Do I have this right? That if the issue was raised properly before the board and the board didn't address it, then the answer is we remand to the board. That's what I believe to be correct, Your Honor. I appreciate it. Thank you. Thank you for your argument. We appreciate the fine arguments of both counsel. And Gonzales-Carrillo shall be submitted. Thank you.
judges: Gould, Paez, Rawlinson